| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. |

JONI G. MCNUTT,         )
                        )
    Plaintiff          )
                        )               COMPLAINT
v.                      )          (JURY TRIAL REQUESTED)
                        )
BOTTOMLINE TECHNOLOGIES, INC. )
                        )
    Defendant          )

NOW COMES Plaintiff, by and through counsel, and alleges as follows:

## PARTIES

1. Plaintiff, Joni G. McNutt, is a resident of South Portland, County of Cumberland and State of Maine.

2. Defendant Bottomline Technologies, Inc. is a corporation whose headquarters are in Portsmouth, New Hampshire and doing business in the City of South Portland, County of Cumberland and State of Maine.

## INTRODUCTION

3. This action results from defendant's unlawful termination of plaintiff on the basis of her disability and refusal to accommodate her disability. Plaintiff is seeking reasonable accommodation, back pay, front pay, compensatory damages and punitive damages.

## FACTS

4. Plaintiff was employed by defendant from September 14, 2009 to April 12, 2012.

5. Prior to plaintiff's termination of employment, she was diagnosed with thyroid cancer on August 25, 2011.

6. Plaintiff's thyroid cancer exhibited various symptoms including chronic fatigue and other symptoms which interfered with the functions of her daily life.

7. Plaintiff was able to perform her work with a reasonable accommodation of allowing her to work at home.

8. On or about March 15, 2012, plaintiff was advised by Myank Jain, her supervisor, that her accommodation would no longer be honored and that she was required to work at the office.

9. Plaintiff explained that her chronic fatigue resulted from the thyroid cancer and the necessary medications.

10. Plaintiff was fired on April 12, 2012 after seeking to maintain her reasonable accommodation on April 9, 2012.

11. Plaintiff was advised that her position was eliminated on April 12, 2012.

12. Plaintiff was advised that she was being terminated for poor performance.

13. Plaintiff as advised that defendant could no longer continue her reasonable accommodation.

14. These reasons for termination were false and were a pretext to hide the real reason for plaintiff's termination which was her disability or, defendant's perception of plaintiff's disability.

## FIRST CAUSE OF ACTION

15. Plaintiff adopts and incorporates allegations 1-14 as if more fully set forth herein.

16. Plaintiff was terminated from her employment as a result of defendant's unwillingness to continue her reasonable accommodation.

17. With plaintiff's reasonable accommodation to allow her to work at home as she had done in the past, she could perform the essential requirements of her job.

18. Other employees similarly situated with or without disability were permitted to work off-site.

19. Refusal to permit plaintiff to continue her employment was a violation of law.

## SECOND CAUSE OF ACTION

20. Plaintiff adopts and incorporates allegations 1-19 as if more fully set forth herein.

21. Defendant perceived plaintiff as a person with a disability.

22. Defendant terminated plaintiff's employment as a result of its perception of her disability.

23. Defendant's actions are a violation of law.

## THIRD CAUSE OF ACTION

24. Plaintiff adopts and incorporates allegations 1-23 as if more fully set forth herein.

25. Defendant terminated plaintiff because she had a disability of thyroid cancer and refused to permit a reasonable accommodation.

26. Defendant's termination of plaintiff's employment was a violation of law.

## PUNITIVE DAMAGES

27. Plaintiff adopts and incorporates allegations 1-26 as if more fully set forth herein.

28. Defendant's actions in terminating plaintiff's employment in violation of law were intentional and reckless and were a result of its known violations of law.

WHEREAS, plaintiff prays that this Honorable Court award her back pay, front pay, compensatory damages and punitive damages and such other relief as this Court deems just and proper.

Dated at Portland, Maine on this 23 day of July, 2014.

                Respectfully submitted,

                */s/ Howard T. Reben*

                Howard T. Reben – Bar No. 426
                Attorney for Plaintiff

REBEN, BENJAMIN & MARCH
97 INDIA STREET
P. O. BOX 7060
PORTLAND, MAINE 04112-7060
(207) 874-4771